WASHINGTON PARKINSON, appellant, *v.* ALEXANDER F. TROUSDALE, appellee.

*Appeal from Madison.*

While courts of equity will entertain a bill to setoff mutual debts by judgment, they will not extend this remedy to a case of unliquidated damages, the recovery of which is uncertain.

Where a bill in chancery is dismissed by a complainant, "without prejudice," he may still avail himself of all errors and exceptions appearing upon the record, antecedent to its dismissal.

According to the general practice of courts of equity, a dissolution of an injunction is a matter of course, upon filing the answer; unless, in some instances, the bill is sustained by affidavits.

Where a defendant in chancery submits to answer, he must respond to every material allegation in the bill.

The complainant filed his bill in chancery in the Madison Circuit Court, alleging that the defendant had recovered a judgment against him in said Court, for $1000, in an action for slander, and prayed that the collection of the judgment might be enjoined, until judgment should be rendered in an action for slander, and another for false imprisonment, which he had instituted against the defendant, in the same Court, and that the damages he might recover, in said actions, might be setoff against said judgment. The bill also alleged the insolvency of the defendant, and that he would be in danger of losing his damages to be recovered in said actions, unless they could be setoff, and that he could prove his causes of action against the defendant; setting forth the particular facts he could prove. The defendant answered the bill, admitting the judgment, and the pendency of the suits, but deny-

(1) 1 Stark Ev. 57 *et seq.,* 64-6.

ing that he was guilty of the grievances charged against him.   He also denied his insolvency, and alleged, that before the filing of the bill, he had assigned one-half of the judgment, for a valuable consideration: *Held*, on exception to the answer, that it was sufficient; that it was not necessary to deny the particular facts which the complainant alleged he could prove to sustain his action, the general denial of guilt being sufficient; and that it was not necessary to answer whether the complainant would be in danger of losing the damages he might recover.

THIS cause was heard in the Court below, at the April term, 1842, before the Hon. Sidney Breese.

J. GILLESPIE and L. TRUMBULL, for the appellant, relied upon the following points and authorities:

If a defendant answers at all, he must answer fully.   2 Mad. Chan. 339, and authorities there cited.   A defendant, who submits to answer at all, must answer fully.   4 Johns. Ch. R. 205; 1 Johns. Ch. R. 65.

Where a party is not obliged to answer, he must object to answering by demurrer, and cannot, by answering, object to answer. Selby *v.* Selby. 4 Bro. C. C. 12; 3 Mad. Ch. R. 70.

Admitting even that the bill did not authorize the awarding an injunction, the proper mode to take advantage of it was by demurrer; and the defendant having consented to answer, the Court was bound to give the proper judgment upon the exceptions.

In case of torts, or debts that cannot be setoff under the statute, if there be cross actions, the superior courts will allow one judgment to setoff against the other, and will sometimes even stay execution in an action, till judgment has been obtained by the defendant therein, viz., a cross action, so as to enable the latter afterwards to obtain such setoff.   1 Chit. Gen. Pract. 667; 4 Bing. 16; 1 Bing. 435.

G. T. M. DAVIS, for the appellee.

SCATES, Justice, delivered the opinion of the Court:

At the September term of the Madison Circuit Court, 1841, the defendant recovered of the plaintiff $1000 damages, in an action for slander.   At the same term the plaintiff filed his *bill in chancery*, and obtained an injunction, staying the collection of these damages. The bill prayed to have such damages as he might recover in an action for slander, and an action for malicious prosecution and false imprisonment, then pending in the same Court, against the defendant, setoff against the defendant's damages, alleging his insolvency, and that the plaintiff would be in danger of losing, and would lose his damages so to be recovered, unless they could be set off in such manner.   The bill als⸳⸳ ⸳arged that the plaintiff could prove in the action of slander, th⸳ ⸳⸳eaking of actionable words by defendant, and that he prosecu⸳ ⸳laintiff before a justice, on a charge of perjury, without any reas⸳ ⸳le cause, and which was wholly at an end, and he discharged.

The defendant filed his ans⸳ ⸳r, admitting the recovery of a judg-

ment against the plaintiff for $1000 damages. He also admits the institution of the two several suits against him, as charged, and damages laid as charged; but expressly denies that he is guilty of the supposed grievances, as charged. He expressly denies his insolvency, but charges that his property is of greater value than all his indebtedness. He further answers, that previous to the filing of the bill, he assigned, for a good and valuable consideration, one-half the damages so recovered to one Geo. T. M. Davis.

To this answer the plaintiff excepted, first, because he did not deny that he had charged plaintiff with perjury and larceny, and appeared before a justice of the peace, and prosecuted the plaintiff, on a charge of perjury, &c., and procured his arrest and imprisonment, without cause, &c.; and, secondly, because he had not answered whether the plaintiff would be in danger of losing the benefit of his judgment for damages to be recovered in said actions.

The Court disallowed these exceptions, and on motion of the defendant, dissolved the injunction. The plaintiff dismissed the bill, without prejudice, and prosecutes this appeal to correct the following errors, assigned by him:

*First.* Disallowing the exceptions to the answer;

*Second.* Dissolving the injunction; and

*Third.* Dismissing the bill, and entering a decree for costs.

In order to determine the propriety of disallowing the exceptions, it becomes necessary to enquire, what are the material allegations in this bill, for the defendant having submitted to answer, must respond to every material allegation. (1) (This rule is a vexed question, and there are some exceptions to it.)

The sole ground of equity, if there be equity at all on the face of this bill, is the probable danger of losing his damages, on account of the defendant's insolvency, and the injustice of permitting defendant to collect of him $1000 damages, which would but pay the whole, or part of those to which the plaintiff was entitled. In order to raise this equity, the complainant must show that he has recovered damages; but inasmuch as they have not been adjudged to him, he sets forth the pendency of his actions, in which the defendant is charged with certain wrongs and injuries. Still his clamor may be false, and hence the necessity of reducing to greater certainty these unliquidated damages. For which purpose, his own oath and opinions not being sufficient to entitle him to recover, he charges the existence of such facts, and that he can prove them by such witnesses, by name, as will entitle him to recover them. It is not a bill of discovery of evidence to maintain those actions, for, upon its face, it shows that he already has sufficient. The disclosure of such evidence in the bill is only to show that he is entitled to the damages claimed for the trespasses and wrongs committed by the defendant. The material allegation, then, is the

(1) 2 Mad. Ch. 339; 1 Johns. Ch. R. 65; 4 Johns. Ch. R. 205.

defendant's commission of those injuries. The defendant might admit that the plaintiff could prove all these facts, and still there are many defences that would manifest his innocence, and defeat the plaintiff's right to recover damages. In the first action he might justify the truth of the words; he might show a release, which would bar the recovery in the latter. The full answer is therefore the one that is given, that he is not guilty of those grievances in manner and form, as complained. This would be a good, full, and sufficient plea to the actions, and must be a full answer, where no discovery is sought. He might admit that he had so charged the plaintiff, and so prosecuted the plaintiff, and yet upon investigation, such reasons might appear as would disprove his guilt, and manifest his innocence. To such an allegation no answer could be so full as a plea of the general issue, in that action. or a *cognovit*. The ground taken in the argument, that the defendant, in his answer, cannot object to answering, but must do so by demurrer, unless answering fully would subject him to penalty or forfeiture, (1) does not apply here, because such is not the character of the answer. According to the general practice in courts of equity, a dissolution of the injunction is a matter of course, upon filing the answer, (2) unless, in some instances, the plaintiff, by filing affidavits sustaining the bill, exceptions to answer, &c., may defer it. (3) There were none filed, and the dissolution was proper on defendant's motion ; the answer denying all equity, affidavits even would not have deferred it. (4)

The third and last error is the dismissal of the bill by the Court. The plaintiff dismissed his own bill, it is true, without prejudice, which would save him the benefit of all the exceptions and errors in the record. It does not follow, as a matter of course, that the bill will be dismissed upon dissolution of the injunction. The practice is to retain the bill, if there be any ground of equitable relief to the party. The Court might dissolve the injunction, and refuse to dismiss the bill; and always will where the whole relief does not consist in the continuance of the injunction. In this case the relief sought was the setoff of damages in the several actions, and to secure that relief to the party, which might have been defeated by a transfer in the mean time, and the insolvency of the defendant, an injunction is sought. The bill itself is sufficient notice to all the world, so as to defeat any transfer subsequent to its filing, (5) and the injunction need not continue for that purpose. The partial assignment, before bill filed, is not denied by affidavits, nor is the solvency of defendant, so that there was no reason to continue the injunction to enable the party to have his ultimate relief

(1) 4 Bro. C. C. 12; 2 Mad. Ch. 340.
(2) 1 Mad. Ch. 127; 2 Mad. Ch. 226, 352, 363; 1 Cox 163.
(3) 2 Mad. Ch. 366.                    (4) 2 Mad Ch. 366.
(5) 2 Mad. Ch. 189, 325-7; 2 Atk. 174; 11 Ves. 195; Amb. 676; 1 Ball & Bea. 167, 187-8; 2 Ves. & Bea. 204-7 ; 1 Vern. 318, 559 ; 13 Ves. 120 ; 3 Atk. 392; Barn. 450.

by satisfaction on his executions at law. Still the bill, by the practice of the courts of equity, might have been retained to decree the ultimate relief, if any could be given under the circumstances of the case.

The dismissal was then the party's own act, and his reservation that it should be "without prejudice," did not raise the question whether there was sufficient in the bill to entitle it to be retained, but simply of the propriety of the previous proceedings.

We are of opinion, however, that the dismissal of the bill itself was proper, without leave of the plaintiff, upon filing the answer, inasmuch as no ground for equitable relief is set out in the bill. While courts of equity will entertain bills to set off mutual debts by judgment, they will not extend this remedy to a case of unliquidated damages, the recovery of which is still uncertain, the evidence to support the recovery not being a proper investigation for a court of equity.

The judgment is affirmed with costs.

*Judgment affirmed.*